IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| John McQueen, | : | |
| Plaintiff | : | Civil Action 2:11-cv-560 |
| v. | : | Judge Frost |
| C. Wingard, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

**INITIAL SCREENING
REPORT AND RECOMMENDATION**

Plaintiff McQueen, an inmate at the London Correctional Institution, brings this prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify cognizable claims,

---

[1]The full text of §1915A reads:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted and therefore **RECOMMENDS** dismissal of the complaint.

The complaint alleges that plaintiff McQueen was placed on restriction. On June 8, 2011, defendant R. Chapman told McQueen that he could not buy anything from the prison store because he was on restriction. McQueen had not yet been convicted of a prison discipline infraction. Other inmates who had not yet been convicted of a prison discipline infraction were allowed to by items from the prison store. The complaint alleges that this is an equal protection violation.

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading.  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The United States Supreme Court held in *Erickson v. Pardus,* 551 U.S. 89, 93127 S.Ct. 2197 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only

---

(2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

2

> "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed.  *Erickson v. Pardus*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Prison inmates have not suffered the loss of a Fourteenth Amendment liberty interest unless they are placed disciplinary confinement and denied good-time credits. *See, e.g., Sandin v. Conner*, 515 U.S. 472, 485-86 (1995); *Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995). Here plaintiff's complaint that he could not use the prison store on one occasion does not amount to a deprivation that gives rise to a constitutional deprivation.

Plaintiff's claim that defendants' actions denying him access to the prison store on June 8, 2011 violated the equal protection of the laws is not actionable. To state such a claim, "a claimant must allege both membership in a protected class and discrimination on account of it." *Ruiz v. Hofbauer*, 325 Fed.Appx. 427, 431 (6th Cir. 2009), citing *Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000). "In other words, the suit must allege action because of 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Id*.  The complaint does not allege that McQueen is a member of a protected class or that the refusal to give him access to the store was in any way class based.  Accordingly, it fails to state a claim for violation of equal protection of the laws.

Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED**

3

for failure to state a claim under 42 U.S.C. §1983.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.  Defendants are not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH  43215.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

    s/Mark R. Abel
    United States Magistrate Judge