IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| John McQueen, | : | |
| Plaintiff | : | Civil Action 2:11-cv-560 |
| v. | : | Judge Frost |
| C. Wingard, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

**OPINION AND ORDER**

John McQueen, an inmate incarcerated at the London Correctional Institution, filed this action on June 27, 2011, alleging that three corrections employees had conspired to deprive him of equal protection of the law by barring him from purchasing anything from the prison store even though he had not had a conduct report issued against him.  On July 12, 2011, the Magistrate Judge issued a Report and Recommendation upon initial screening pursuant to 28 U.S.C. §1915A, recommending that Plaintiff's complaint be dismissed for failure to state a claim under 42 U.S.C. §1983.  This matter is now before the Court for *de novo* review, pursuant to 28 U.S.C. §636(b)(1), of Plaintiff's July 20, 2011 objections to the Report and Recommendation.

Plaintiff's Complaint alleges:

Plaintiff, John McQueen, brings this action pursuant to 42 U.S.C. Section 1983 against defendants' C. Wingard, D. Blackwell, and R. Chapman.  And with this, States that on June 8, 2011, he was told by

1

> defendant R. Chapman, he could not buy anything from the prison store because he had been placed on restriction. No Conduct report had been written prior to Chapman's action against McQueen.
>
> After this plaintiff states he went to the office of the second defendant D. Blackwell, and complained that he was being denied equal protection of the law by this defendant Chapman in the since other inmates' Who had not received Conduct reports at this time were allowed to buy things from the prison store.
>
> McQueen states here that defendant Blackwell agreed with him that this was wrong. However, When McQueen asked him to call defendant Chapman, he refused. By refusing to call Chapman, defendant Blackwell began to work in active concert and participation with Chapman, to deprive McQueen of U.S. Constitution, under the color of State law.
>
> Defendant C. Wingard is being named as a defendant because when asked by Plaintiff to do something as Chapman's Supervisor, did nothing and still hasn't did anything.

(Doc. 1 at 5.) The essence of Plaintiff's claim, according to his complaint and his objections, is:

> The question to be answered here is whether one Inmate Similarly Situated can be treated different from another. Does such Conduct violate the equal protection Clause of the fourteenth amendment?

(Doc. 11 at 2.)

The answer the Magistrate Judge gave to Plaintiff's question was correct. As he noted, to state a claim for violation of the Equal Protection Clause, "a claimant must allege both membership in a protected class and discrimination on account of it." *Ruiz v. Hofbauer*, 325 Fed.Appx. 427, 431 (6th Cir. 2009), citing *Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000). It is not a violation of an inmate's constitutional rights for a prison employee to treat him differently from other

2

inmates – even where such disparate treatment seems unfair, arbitrary, or malicious – unless he does so because the inmate is a member of a protected class. *Dotson v. Wilkinson*, 477 F.Supp.2d 838, 851 (N.D. Ohio 2007), citing *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). "In other words, the suit must allege action because of 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Ruiz, supra.* A complaint fails to allege an equal protection claim where the claim is simply based upon the alleged disparate treatment of certain prisoners as compared to others. *Carnes v. Engler*, 76 Fed.Appx. 79, 81 (6th Cir. 2003).

Here, even if all of Plaintiff's allegations are taken as true, he has not alleged that any defendant treated him differently on account of his race, national origin, or some other such classification. Simple conclusory allegations of unconstitutional conduct are insufficient to state a claim under §1983. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). Accordingly, Plaintiff has failed to state a claim under 42 U.S.C. §1983 for violation of the Equal Protection Clause of the Fourteenth Amendment, and his claim should be dismissed.

The Court therefore **ADOPTS** the July 12, 2011 Report and Recommendation of the Magistrate Judge. It further **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. §1915A for failure to state a claim upon which relief can be granted.

    /s/ Gregory L. Frost
    United States District Judge